UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 03 1999

Micheal N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ADOLFO LOPEZ, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. B-98-7 |
| § | |
| BILL CLINTON, PRESIDENT § | |
| OF THE UNITED STATES, ET AL., § | |
| Respondents. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Petitioner Adolfo Lopez (Lopez) has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2255. Lopez was convicted of possession of cocaine with intent to distribute on September 8, 1994, and is currently incarcerated in the Federal Medical Center in Lexington, Kentucky.

In his petition, Lopez asserts the following grounds for relief:

1. The court that convicted him lacked jurisdiction (Pet. at 2);

2. The government failed to assert that President Clinton authorized his arrest; (Pet. at 2);

3. He was denied effective assistance of counsel in violation of his Sixth Amendment rights (Pet. at 2);

4. He was denied due process in violation of his Fifth Amendment rights under the United States Constitution and the Ninth and Tenth Amendments under the Texas Constitution (Pet. at 3);

5. The government did not have or prove jurisdiction (Pet. at 3);

6. His guilty plea is void because it was not issued or served under the judicial power of the executive authority of the President (Pet. at 3);

1

7. The government's process is void (Pet. at 3);

8. He was denied his Ninth and Tenth Amendment rights under the United States Constitution; (Pet. at 4);

9. Venue was improper (Pet. at 5).

## ANALYSIS

Lopez's petition should be dismissed because it is untimely.

Under §2244(d)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), a habeas petitioner must file their petition within one year from the date their conviction became final either by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A), *See Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999). A petitioner whose conviction became final before the effective date of the AEDPA must be accorded a reasonable time to file their petition. *United States v. Flores,* 135 F.3d 1000, 1004-05 (5th Cir.1998). This reasonable time period runs from April 24, 1996 to April 24, 1997. *Flores,* 135 F.3d at 1006.

A party must file a notice of appeal within 10 days after the entry of judgment. FED. R. APP. PRO. 4(b). Here, the judgment was signed on November 15, 1994, and Lopez did not file a notice of appeal. Thus, his judgment became final on November 25, 1994.

Because his judgment became final before the AEDPA went into effect, Lopez is entitled to the reasonable time period to file his federal habeas petition. Since this reasonable time period expired on April 24, 1997, and Lopez did not file his petition until November 7, 1997, Lopez's petition is untimely.

Notwithstanding the untimeliness of the petition, Lopez would not be entitled to relief. Lopez's claims that the court lacked jurisdiction are groundless. (Pet. At 2). The United States District Court has original jurisdiction of all offenses against the laws of the United States. 18 U.S.C. §3231.

Moreover, Lopez's claim that counsel rendered ineffective assistance because counsel failed to assert that the government failed to prove jurisdiction is likewise erroneous. (Pet. At 2).

There is no ineffective assistance of counsel from a failure to raise a meritless claim or a

2

claim that has been knowingly and voluntarily waived as part of plea bargaining. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994).

Thus, because the petition is untimely, and petitioner's jurisdiction and ineffective assistance of counsel claims lack merit, the petition should be DENIED.

## RECOMMENDATION

For reasons set forth above, Lopez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2255 should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 2nd day of September, 1999.

_____
Felix Recio
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADOLFO LOPEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-7 |
| | § | |
| BILL CLINTON, PRESIDENT | § | |
| OF THE UNITED STATES, ET AL., | § | |
| Respondents. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of September 1, 1999 should be adopted and the Petition for Habeas Corpus pursuant to 28 U.S.C. §2255 should be DENIED.

DONE in Brownsville, Texas on this _____ day of _____, 1999.


_____
Filemon B. Vela
United States District Judge

4